UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
THOMAS P. JACKSON,

                         06 CV 4863 (SJ)

            Petitioner,
   -against-                    **MEMORANDUM**
                              **AND ORDER**
UNITED STATES OF AMERICA,

            Respondent.
------------------------------------------------------X




APPEARANCES:

THOMAS P. JACKSON
#59535-053
F.C.I. Otisville
P.O. Box 1000
Otisville, New York 10963
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201
By:   Jacqueline L. Spratt, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

       Thomas P. Jackson ("Petitioner"), *pro se*, has filed the above-captioned petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. For the reasons stated below, the petition is dismissed without prejudice.

1

P-049

## BACKGROUND

Petitioner is currently serving a 140-month sentence imposed by this Court on April 2, 2004, following his conviction at trial of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). The federal sentence is to run concurrently with Petitioner's New York State sentence of three and one-half to seven years incarceration on an unrelated New York State burglary conviction, imposed on February 2, 2002.

On August 4, 2006, the Bureau of Prison ("BOP") determined that the Petitioner's projected release date is March 22, 2013. That date was calculated using April 2, 2004 as the date of sentence, and September 29, 2005 as the date of commitment to federal custody. The BOP credited Petitioner with 436 days of prior time served.

On September 5, 2006, Petitioner filed the instant petition challenging the accuracy of the BOP calculation of prior time served and his projected release date. Petitioner contends that he should receive credit for time he was held in federal custody from January 3, 2001, through May 3, 2004, for a total of 1,217 days, rather than the BOP's calculation of 436 days. Petitioner has provided the Court with copies of two "Inmate Request to Staff Forms," dated November 25, 2005, and August 7, 2006, in which he challenged the accuracy of the BOP's findings.

2

P-049

Though Petitioner alleges that he filed an "Administrative Remedy Request Form" and "Regional Appeal Form," no copies have been provided.

On November 11, 2007, the Government filed a response in opposition to Petitioner's application. The Government sets forth three grounds for dismissal: (1) the Court lacks jurisdiction over this habeas petition because it has been improperly captioned with the United States as the respondent,[1] (2) the petition should be dismissed because of Petitioner's failure to exhaust his available administrative remedies prior to filing the petition, and (3) the Court lacks jurisdiction over this habeas petition because Petitioner is confined at USP Big Sandy in Inez, Kentucky. The Government's third ground for dismissal is now moot, because during the interim period between the filing of his petition and the issuance of this Order, Petitioner was transferred to the F.C.I. Otisville in Otisville, New York. The Court will now address the remaining arguments.

---

[1] The Court notes that the Government does not always request dismissal when a Petitioner names the wrong respondent, but in the instant case the government has listed the improper captioning as a grounds for dismissal. See Cabreja v. U.S. Immigration Service, No. 02 CV 5441, 2003 WL 22697957, at *1 (Nov. 3, 2003, S.D.N.Y.) (Government respondent not contending that petition should be dismissed on the grounds that Petitioner named the wrong respondent).

3

## DISCUSSION

A challenge to the execution of a sentence is properly filed pursuant to § 2241. See Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir.1997). Execution of a sentence includes matters such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." See Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir.2001). In this case, Petitioner has filed a § 2241 petition challenging the BOP's computation of his time served.

**1.  Failure To Name Proper Respondent**

To obtain relief under § 2241, a Petitioner must bring an action against his custodian. See, e.g., 28 U.S.C. §2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976) (holding that jurisdiction over habeas petition was lacking where proper custodian never named as respondent). "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not . . . some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). In this case, Petitioner has named the United States as the respondent. However, Petitioner is located in

4

F.C.I. Otisville in Otisville, New York. Therefore, the proper respondent is the warden of the F.C.I. Otisville facility.

2.  **Failure To Exhaust Administrative Remedies**

The Second Circuit has held that "[t]he Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credits for any time spent in state custody." United States v. Gonzalez, 192 F.3d 350, 353 (2d Cir.1999) (quoting United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir.1998)). Under federal regulations, prisoners are afforded administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10 – 542.16. "It is only after administrative remedies are exhausted under these regulations that a prisoner can file a habeas petition under 28 U.S.C. § 2241 seeking judicial review of any jail-time credit determination." Jimenez v. United States, No. 99 CV 10798, 2000 WL 28164, at *2 (S.D.N.Y. Jan. 14, 2000). Thus, although the post-conviction relief Petitioner seeks is cognizable under § 2241, it is only available after the exhaustion of administrative review. See Jimenez, 2000 WL 28164, at *2 ("the district court is without jurisdiction to compute sentencing credit if a prisoner . . . has not sought administrative review.") (quoting United States v. Whaley, 148 F.3d 205, 207 (2d Cir.1998)).

5

In order to exhaust available administrative remedies, a Petitioner should first submit an informal "Request to Staff Form" in an attempt to resolve the issue. If informal resolution is not possible, complete exhaustion requires the inmate to submit a formal written "Administrative Remedy Request Form" (BP-9), a "Regional Appeal Form" (BP-10), and a "General Council Appeal Form" (BP-11). See 28 C.F.R. §§ 542.10 – 542.15.

Here, Petitioner has provided two copies of "Inmate Request to Staff Forms," but failed to provide copies of the Administrative Remedy Request Form and Regional Appeal Form he alleges to have filed. Even if Petitioner could provide the Court with copies of these forms, Petitioner has still failed to allege that he filed a General Council Appeal, and thus has not exhausted all available administrative remedies.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus pursuant to § 2241 is hereby dismissed without prejudice for failure to name the proper respondent and for failure to exhaust available administrative remedies.

SO ORDERED.

Dated: June 25, 2007
Brooklyn, NY

S/Sterling Johnson, Jr., USDJ
---
Sterling Johnson, Jr.
Senior United States District Judge

6